**INTERSTATE COMMERCE COMMISSION**
**v. JAMESTOWN FARMERS UNION**
**FEDERATED CO-OP. TRANSP. ASS'N.**

No. 13051.

Circuit Court of Appeals, Eighth Circuit.

Oct. 23, 1945.

Herman L. Bode, Atty., Interstate Commerce Commission, of Minneapolis, Minn. (George H. English and Gregory U. Harmon, of the Interstate Commerce Commission, both of Washington, D. C., and Victor E. Anderson, U. S. Atty., and William P. Murphy, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for appellant.

Wilfrid E. Rumble, of St. Paul, Minn. (Peter T. Egan, of South St. Paul, Minn., and Doherty, Rumble, Butler, Sullivan & Mitchell, of St. Paul, Minn., on the brief), for appellee.

Robert J. Barry, of St. Paul, Minn., for St. Paul Bank for Cooperatives, amicus curiæ.

Before WOODROUGH, JOHNSEN and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The Interstate Commerce Commission brought this action to enjoin the Jamestown Farmers Union Federated Cooperative Transportation Association from alleged violations of sections 206(a) and 209(a) of Part II of the Interstate Commerce Act, 49 U.S.C.A. §§ 306(a) and 309(a). These sections of the Act provide that no common or contract carrier by motor vehicle, subject to the provisions of the Act, shall engage in interstate operation unless there is in force, in respect to such carrier, a certificate of public convenience and necessity issued by the Commission. The District Court sustained the appellee's claim of exemption under section 203(b) of the Act, 49 U.S.C.A. § 303(b), which, so far as material here, provides that:

"Nothing in this chapter * * * shall be construed to include * * * (5) motor vehicles controlled and operated by a cooperative association as defined in the Agricultural Marketing Act of 1929, as amended (12 U.S.C.A., §§ 1141–1141j), or by a federation of such cooperative associations, if such federation possesses no greater powers or purposes than cooperative associations so defined * * *."

The facts are stipulated. The Jamestown Farmers Union Federated Cooperative Transportation Association, hereinafter called the appellee, is a federation of cooperative associations, incorporated under North Dakota law. It possesses no greater powers or purposes than those possessed by each of its member cooperative associations, which themselves, farmer controlled and farmer operated, perform the

functions and observe the restrictions set forth in section 15 of the Agricultural Marketing Act of 1929, as amended, 12 U.S.C.A. § 1141j. Appellee is engaged exclusively in the business of transportation for compensation by motor vehicle on public highways between points in North Dakota and Minneapolis, St. Paul, and South St. Paul in Minnesota.

The appellee's eastbound traffic consists exclusively of livestock, all of which is delivered to appellee by one of its member cooperative associations, and all of which is destined to St. Paul Stockyards at South St. Paul, Minnesota. The appellee issues to the member cooperative association from which it receives livestock a receipt showing the name of the person to whom it is to be delivered and the charge for transportation. The name of the person who delivered the livestock to the member association does not appear on this receipt, and appellee has no dealings with such person.

Appellee's westbound traffic consists exclusively of merchandise delivered to it by the Farmers Union Central Exchange of South St. Paul, Minnesota, a federated cooperative association and a member and stockholder of appellee. This merchandise is destined to various member associations of appellee in cities and towns in North Dakota for resale by them without restriction of sales to farmers. Non-farmers purchase from three to fourteen per cent of this merchandise. The appellee issues to the Farmers Union Central Exchange a receipt for the merchandise received from it for transportation to the consignee named therein, which is always one of appellee's member associations.

Except in occasional instances, the appellee renders no transportation service which includes receipt of property at a farm or from a farmer, nor does it make delivery of any property transported by it at a farm or to a farmer. None of appellee's member cooperatives owns or operates a farm.

The issue on this appeal is the scope of the exemption created by section 203(b) of the Interstate Commerce Act, quoted above. The Commission contends that appellee is not entitled to the claimed exemption because, in its opinion, the transportation, which is the exclusive business of appellee, is not included in the authorized activities of cooperative associations as such associations are defined by the Agricultural Marketing Act unless performed as a direct farm business service; that the transportation in which appellee is engaged is not a farm business, since it does not connect either at origin or destination with a farm; that the transportation of merchandise to be offered for sale without restriction of sales to farmers is not a farm business service nor an authorized activity of a cooperative association; and that these conclusions are required by a strict construction of the exemption relied upon by appellee.

We can not agree with these contentions of the Commission. As was pointed out by the District Court, we are confronted at the very threshhold of this case with an evident recognition on the part of Congress that both cooperative associations of farmers and federations of such cooperative associations, operating within the limits imposed by the Agricultural Marketing Act, may rightfully engage in transportation interstate by motor vehicles. Otherwise, as the District Court pointed out, the exemption contained in the Interstate Commerce Act with reference to trucks used in such transportation by cooperatives and federations of cooperatives is meaningless. This being true, it follows, under the stipulation that appellee possesses no greater powers or purposes than its member cooperative associations, that appellee is exempt from the proposed regulation by the Commission, unless the transportation in which it is engaged is not an operation in which a farm cooperative may engage.

■ It is, of course, true that the exemption relied on by the appellee must be strictly construed when the necessity for construction arises. So construed, it may well be true, as the Commission contends, that a truck operated in interstate commerce by a farmers cooperative for a purpose not within the contemplation of Congress in the Agricultural Marketing Act is not exempt from the requirement of a certificate of public necessity and convenience. But whether the interstate operation of such a truck is in an activity in which the farmers cooperative is or is not permitted to engage presents a question arising under the Agricultural Marketing Act, a remedial statute, entitled to a liberal construction to effectuate the purpose for which it was adopted. It is this Act which requires construction here.

The expressed purpose of the Agricultural Marketing Act, 12 U.S.C.A. § 1141, is:

"* * * to promote the effective merchandising of agricultural commodities in interstate and foreign commerce, so that the industry of agriculture will be placed on a basis of economic equality with other industries, and to that end to protect, control, and stabilize the currents of interstate and foreign commerce in the marketing of agricultural commodities and their food products—

\* \* \* . \* \* \*

"(2) by preventing inefficient and wasteful methods of distribution.

"(3) by encouraging the organization of producers into effective associations or corporations under their own control for greater unity of effort in marketing and by promoting the establishment and financing of a farm marketing system of producer-owned and producer-controlled cooperative associations and other agencies.

"(4) by aiding in preventing and controlling surpluses in any agricultural commodity, through orderly production and distribution, so as to maintain advantageous domestic markets and prevent such surpluses from causing undue and excessive fluctuations or depressions in prices for the commodity."

A cooperative association is defined, 12 U. S.C.A. § 1141j, as any association in which farmers act together in processing, preparing for market, handling and marketing the farm products of persons so engaged; and any association in which farmers act together in purchasing, testing, grading, processing, distributing, and furnishing farm supplies or farm business services. A cooperative association as defined must be operated for the mutual benefit of its members as producers or purchasers, and "shall not deal in farm products, farm supplies, and farm business services with or for nonmembers in an amount greater in value than the total amount of such business transacted by it with or for members."

That the economical and efficient transportation of farm products to market and of farm supplies to farmers is a necessary farm business service can not be doubted. To require that such transportation must originate or end in every case at a farm is to deny to the farmer one of the farm services which the Agricultural Marketing Act was intended to make available to him through the operation of farmer cooperatives. Nothing in the Act either expressly or by implication justifies a holding that the farmer cooperatives may not transport to market farm products which its member farmers have transported and delivered to the cooperative; nor that the trucks of the cooperatives used in such transportation may not on return trips transport farm supplies for delivery to the cooperatives for resale. And since a cooperative association is expressly permitted by the Agricultural Marketing Act to transport farm supplies and to render farm service to or for others than its members, the fact that some of the farm supplies carried in its westbound traffic may be sold to others than farmers is of no significance, so long as the proportion of such sales and services is not greater than that permitted by the Act. If, as we hold, a single farm cooperative association may engage in the transportation of farm products from itself to market and of farm supplies and merchandise from the market to itself for resale, it can not be doubted that a federation of such associations may engage in the same transportation. In so doing, it is exercising no greater power than any of its member cooperatives may exercise. It is reasonable to suppose that the reason for the organization of a federation of cooperatives to perform the character of transportation under consideration is that the federation of many cooperatives is able to perform this authorized farm business service more efficiently and economically than could its individual member associations. To the extent that the federation is able to realize the purpose for which it is organized, it is an effective instrumentality in the promotion of the purposes which the Agricultural Marketing Act was designed to realize. To say that such a federation of farmer-owned and farmer-controlled cooperative associations is not itself a farmer-owned and farmer-controlled instrumentality is to give to the Agricultural Marketing Act a narrow and strict construction which its character and purpose forbids.

The judgment of the District Court is affirmed.