INTERSTATE COMMERCE COMMISSION, Plaintiff,

v.

NORTHWEST AGRICULTURAL COOPERATIVE ASSOCIATION, Inc., a corporation, Defendant.

Civ. No. 64–266.

United States District Court
D. Oregon.

Sept. 1, 1964.

Sidney I. Lezak, U. S. Atty., and
Harold E. Patterson, Regional Attorney,
Interstate Commerce Commission, Port-
land, Or., for Interstate Commerce Com-
mission.

Clifford N. Carlsen, Jr., of King, Mil-
ler, Anderson, Nash & Yerke, Portland,
Or., for defendant.

SOLOMON Chief Judge.

The Interstate Commerce Commission
(Commission) seeks to permanently en-
join the Northwest Agricultural Coop-
erative Association (Association) from
further for-hire transportation in inter-
state commerce of non-exempt commodi-
ties of nonmembers in violation of the
Interstate Commerce Act (Act).

The Association is an Idaho non-profit
corporation without capital stock. All of
its members are engaged in the produc-
tion of agricultural products and each
has only one vote in the affairs of the
Association. The Association's Articles
of Incorporation provide that it shall be
operated for the mutual benefit of its
members, and it is restricted by its by-
laws from paying dividends on member-
ship capital in excess of eight per cent
per year.

The Association operates a fleet of
longhaul trucks to transport commodities
throughout the West, Midwest and South-
west. All commodities transported by
the Association for its members are di-
rectly related to their agricultural func-
tions.

From November 13, 1963, to March
19, 1964, the Association received ap-
proximately $175,000 from hauling mem-
ber products. The Association also
transported for-hire in interstate com-
merce nonexempt commodities for non-
members, not engaged in farming opera-
tions. These commodities were carried
by the Association's trucks on their re-
turn trips after delivering member prod-
ucts to markets. Income from these
services was considerably less than in-
come from hauling member products. It
is these services which the Commission
contends are in violation of the Act.

The Act provides for the regulation of
for-hire transportation in interstate com-
merce. 49 U.S.C.A. § 303(c). How-
ever, a "cooperative association," as de-
fined by the Agricultural Marketing Act,
is exempt from regulation. 49 U.S.C.A.
§ 303(b). The Agricultural Marketing
Act provides the following definition of a
"cooperative association":

> "(a) As used in this subchapter, the
> term 'cooperative association' means
> any association in which farmers act
> together in processing, preparing
> for market, handling, and/or mar-
> keting the farm products of persons
> so engaged, and also means any asso-
> ciation in which farmers act together
> in purchasing, testing, grading,
> processing, distributing, and/or fur-
> nishing farm supplies and/or farm
> business services: *Provided, how-
> ever,* That such associations are op-
> erated for the mutual benefit of the
> members thereof as such producers

or purchasers and conform to one or both of the following requirements:

"First. That no member of the association is allowed more than one vote because of the amount of stock or membership capital he may own therein; and

"Second. That the association does not pay dividends on stock or membership capital in excess of 8 per centum per annum. * * *

"Third. That the association shall not deal in farm products, farm supplies, and farm business services with or for nonmembers in an amount greater in value than the total amount of such business transacted by it with or for members. All business transacted by any cooperative association for or on behalf of the United States or any agency or instrumentality thereof shall be disregarded in determining the volume of member and nonmember business transacted by such association." 12 U.S.C.A. § 1141j(a).

The Commission contends that under this definition the Association is only partially exempt from the provisions of the Act. It admits exemption for those transportation services performed for members, directly or functionally related to their agricultural activities. However, it contends that for-hire transportation of otherwise nonexempt commodities for nonmembers violates the Act.

The Association contends that for-hire transportation of otherwise nonexempt commodities for nonmembers should be exempt because revenue from these activities is much less than revenue from transporting member products and because the income from these activities

inures to the benefit of the members by economizing their marketing expenses.

This appears to be a question of first impression for the courts.[1] However, a Hearing Examiner for the Commission recently dealt with this precise question in the matter of Cache Valley Dairy Ass'n, No. MC-C-3876, May 19, 1964. The Hearing Examiner decided that the Dairy Association could not maintain its exemption under the Act, if it continued to provide for nonmembers for-hire transportation of nonexempt commodities, neither directly nor functionally related to farm business. That is the position of the Commission in this case.

██ I agree with the Commission. The difficulty with defendant's position is that it sanctions for-hire transportation in open competition with regulated common carriers without subjecting the Association's fleet to regulation. Though Congress intended to exempt agricultural cooperatives from regulation under the Act in the transportation of their goods to market and their necessary supplies and services on return, I do not read the statute as granting these associations an exemption to enter the general transportation business. Undoubtedly the Association's practice affords economies to its members, but these are economies not intended to be conferred by the Act.

The foregoing opinion shall serve in place of findings of fact and conclusions of law, in accordance with Rule 52(a) of the Federal Rules of Civil Procedure. However, either party may request additional findings.

The Commission shall present an appropriate judgment.

---

1. Two cases containing dicta favoring the Commission's position are distinguishable in that the Associations involved were not bona fide associations of farmers. Machinery Haulers Ass'n v. Agricultural Commodity Service, 86 MCC 5, and I. C. C. v. Nelson Cooperative Marketing Ass'n, W.D.Okl.1962, 209 F.Supp. 697.

I. C. C. v. Jamestown Farmers Union Federated Cooperative Transp. Ass'n, D. Minn.1944, 57 F.Supp. 749, aff'd. 151 F. 2d 403, a case relied on by defendant, is also distinguishable. It concerned only transportation of merchandise and commodities between two bona fide cooperative associations.